cc: KSC

Leilani P. Embernate
P.O. Box 3057
Kailua-Kona, HI 96745
(808) 896-6563
leilani@leilaniembernate.com
Pro Se

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 3 0 2011

at 5 o'clock and 00 min. PM
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JENNIFER CORY TROST, a resident of the State of California<br><br>    Plaintiff<br><br>vs.<br><br>LEILANI P. EMBERNATE, a resident of the State of Hawaii, formerly doing business as TYPICAL TROPICAL PROPERTIES, LLC and PACIFIC STAR MORTGAGE, INC.; and TYPICAL TROPICAL PROPERTIES, LLC, a Hawaii limited liability company now known as RAINBOW REAL ESTATE GROUP, LLC; and PACIFIC STAR MORTGAGE, INC., a dissolved Hawaii corporation.<br><br>    Defendant(s). | CIVIL NO. 11-00458 KSC<br><br>**LEILANI P. EMBERNATE'S ANSWER AND COUNTERCLAIMS; CERTIFICATE OF SERVICE** |

## LEILANI P. EMBERNATE'S ANSWER AND COUNTERCLAIMS

COMES NOW Defendant LEILANI P. EMBERNATE ("Defendant"), pro se, and submits her Answer and Counterclaims to the Complaint for Damages for Fraud, Misrepresentation, Concealment and Deceit, for Breach of Fiduciary Duty, for Breach of Contract and for the Intentional and/or Negligent Infliction of Emotional Distress, and for an Accounting, for the Setting Aside of Fraudulent Conveyances, for the Imposition of Constructive Trusts and for the Disgorgement of

Unjust Enrichment ("Complaint") of Jennifer Cory Trost ("Plaintiff") as follows:

1. Defendant denies the allegations contained in Paragraphs 1, 2, 15, 16, 19, 21, 26, 27, 30, 31, 32, 33 and 34 of Plaintiff's Complaint.

2. In response to Paragraphs 3 and 5 of Plaintiff's Complaint, Defendant states she is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny each and every allegation contained therein.

3. The allegations contained in Paragraphs 7, 8, 10, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 and 48 of Plaintiff's Complaint state legal conclusions and to the extent such allegations require a response, Defendant denies the allegations contained therein.

4. In response to Paragraph 4 of Plaintiff's Complaint, Defendant admits that she is a resident of the County of Hawaii, State of Hawaii and that she holds an active real estate license in the State of Hawaii, License Number RS-51379, which was previously held under Typically Tropical Properties, LLC and is currently held under Maile Lei Realtors, LLC. Defendant admits that she previously held, but no longer holds, a mortgage solicitors license in the State of Hawaii, License Number MS-2732. Defendant denies all remaining allegations contained in said Paragraph.

5. In response to Paragraph 6 of Plaintiff's Complaint, Defendant admits that Pacific Star Mortgage, Inc., is a dissolved Hawaii corporation that was conducting business in the State of Hawaii, County of Hawaii. Defendant denies all remaining allegations contained in said Paragraph.

6. In response to Paragraph 9 of Plaintiff's Complaint, Defendant admits that she represented Plaintiff as a real estate agent and mortgage solicitor, that she borrowed money from Plaintiff and loaned money to Plaintiff. Defendant denies all remaining allegations contained in said Paragraph.

7. In response to Paragraph 11 of Plaintiff's Complaint, Defendant admits that on or

about October 2002 she represented Plaintiff, as a Mortgage Solicitor, in acquiring a construction loan for the Kupuna Street residence. Defendant denies all remaining allegations contained in said Paragraph.

8.    In response to Paragraph 12 of Plaintiff's Complaint, Defendant admits that on or about February 2003 Plaintiff entered into a purchase agreement to purchase a CPR portion of the Donkey Mill property, prior to the finalization of the CPR process. Defendant admits that Plaintiff initiated cancellation of its escrow on July 21, 2003. Defendant denies all remaining allegations contained in said Paragraph.

9.    In response to Paragraph 13 of Plaintiff's Complaint, Defendant admits that she took a 1/2 undivided interest in the Donkey Mill property, prior to the finalization of the CPR process, recording a warranty deed to the property dated July 21, 2003 and recorded in August 2003.

10.   In response to Paragraph 14 of Plaintiff's Complaint, Defendant admits that a partnership agreement was executed by both Plaintiff and Defendant on July 22, 2003 and that Plaintiff made a payment to the sellers of the February 2003 purchase agreement of $55,000 and that Defendant reimbursed Plaintiff this amount in full. Defendant denies all remaining allegations contained in said Paragraph.

11.   In response to Paragraph 17 of Plaintiff's Complaint, Defendant admits that on or about March 2004, she represented Plaintiff, as a Mortgage Solicitor, in the refinancing of Plaintiff's Kaloko Drive Property. Defendant denies all remaining allegations contained in said Paragraph.

12.   In response to Paragraph 18 of Plaintiff's Complaint, Defendant admits the allegations contained therein and admits that Defendant reimbursed Plaintiff the $85,000 amount in full.

13.   In response to Paragraph 20 of Plaintiff's Complaint, Defendant admits that Plaintiff

loaned $80,000 to Defendant by way of a secured mortgage and that Plaintiff was paid this amount in full plus interest, $12,071.28 on 03/03/05, $28.72 on 05/17/05 and $81,769.60 on 10/25/05. Defendant denies all remaining allegations contained in said Paragraph.

14. In response to Paragraph 22 of Plaintiff's Complaint, Defendant admits that on or about September 2004 she represented Plaintiff, as a real estate agent, in the sale of the Kupuna Street residence. Defendant denies the remaining allegations contained in said Paragraph.

15. In response to Paragraph 23 of Plaintiff's Complaint, Defendant admits that on or about July 2005 she represented Plaintiff, as a real estate agent, in the sale of the Halona Property. Defendant denies the remaining allegations contained in said Paragraph.

16. In response to Paragraph 24 of Plaintiff's Complaint, Defendant admits that on or about October 2004 she represented Plaintiff, as a real estate agent, in the sale of the Oneone Property. Defendant denies all remaining allegations contained in said Paragraph.

17. In response to Paragraph 25 of Plaintiff's Complaint, Defendant admits that on or about September 2005 she represented Plaintiff, as a real estate agent, in the purchase of two lots in Discovery Harbour (TMK Nos. (3) 9-4-022-044 and (3) 9-4-016-036). Defendant denies all remaining allegations contained in said Paragraph.

18. In response to Paragraph 28 of Plaintiff's Complaint, Defendant admits that on or about May 2006 Plaintiff purchased the Ahikawa Street Property. Defendant denies all remaining allegations contained in said Paragraph.

19. In response to Paragraph 29 of Plaintiff's Complaint, Defendant admits that on or about April 2006 Plaintiff loaned money to William & Joyal Gaspar. Defendant denies all remaining allegations contained in said Paragraph.

20. All remaining allegations that have not been specifically addressed are denied.

## AFFIRMATIVE DEFENSES

21. The Complaint fails to state a claim upon which relief can be granted.

22. Lack of subject-matter jurisdiction.

23. Defendant has paid in full each and every amount Defendant received as a loan from Plaintiff.

24. Plaintiff failed to mitigate her damages.

25. Plaintiff's claims are barred by the statute of limitations.

26. Defendant intends to rely on failure of consideration, estoppel, laches, payment and assumption of risk as affirmative defenses.

**WHEREFORE,** Defendant prays that this Court find judgment for Defendant, deny Plaintiff's requests for relief, deny Plaintiff's request for damages, deny Plaintiff's request for Prejudgment Interest, deny Plaintiff's request for costs, deny Plaintiff's request for Attorney's Fees and deny Plaintiff's request for any relief whatsoever.

## COUNTERCLAIMS

Defendant and Counterclaimant Leilani P. Embernate (hereinafter "Embernate"), counterclaims against Plaintiff and Counterclaim Defendant (hereinafter "Trost"), as follows:

27. Embernate is a resident of the County of Hawaii, State of Hawaii.

28. Upon information and belief, Trost is a resident of the State of California and resided in the County of Hawaii, State of Hawaii at the time of occurrence of the counterclaims below.

29. On or about March 17, 2005, Embernate gave a loan to Trost wherein there is still due and owing $1,041.67.

30. On or about July 26, 2005, Embernate gave a loan to Trost wherein there is still due and owing to Embernate $14,451.82.

5

31.     On or about September 7, 2005, Embernate gave a loan to Trost wherein there is still due and owing $1,000.00.

32.     On or about November 8, 2005, Embernate gave a loan to Trost wherein there is still due and owing $50.00.

33.     On or about November 17, 2005, Embernate gave a loan to Trost wherein there is still due and owing $800.00.

34.     On or about November 23, 2005, Embernate gave a loan to Trost wherein there is still due and owing $25,036.21.

35.     On or about December 22, 2005, Embernate gave a loan to Trost wherein there is still due and owing $50.00.

36.     On or about January 13, 2006, Embernate gave a loan to Trost wherein there is still due and owing $800.00.

37.     On or about July 10, 2006, Embernate gave a loan to Trost wherein there is still due and owing $23,839.80, plus fees and interest.

38.     On or about September 27, 2006, Embernate gave a loan to Trost wherein there is still due and owing $380.00.

**WHEREFORE**, Defendant respectfully requests and prays that the Court enter judgment dismissing Plaintiff's claims against Defendants, jointly and severally, with prejudice, denying Plaintiff's request for any relief whatsoever, deny Plaintiff's request for Attorney's Fees and costs, sustaining Defendant's affirmative defenses and granting Defendant judgment on each and every one of her counterclaims, Attorney's Fees and costs, and for any other further relief as the Court finds just and proper.

DATED:   Kailua-Kona, Hawaii, September 29, 2011.

_____
LEILANI P. EMBERNATE
PRO SE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of LEILANI P. EMBERNATE'S ANSWER AND COUNTERCLAIMS was duly served by U.S. REGULAR MAIL upon the following parties at their last known address on September 29, 2011.

Gary Victor Dubin
Frederick J. Arensmeyer
Peter T. Stone
Dubin Law Offices
Suite 3100, Harbor Court
55 Merchant Street
Honolulu, HI 96813
**Attorneys for Plaintiff**

Mark Van Pernis
Gary W. Vancil
Van Pernis – Vancil, Attorneys at Law
75-167 F Hualalai Road, Suite B
Kailua-Kona, HI 96740
**Attorneys for Typically Tropical Properties, LLC and Rainbow Real Estate Group, LLC**

DATED:   Kailua-Kona, Hawaii, September 29, 2011.


_____
LEILANI P. EMBERNATE
PRO SE

1