IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JENNIFER CORY TROST, a resident of the State of California, ) ) ) | CIVIL NO. 11-00458 JMS-KSC |
| Plaintiff, ) ) ) | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS TYPICALLY TROPICAL |
| vs. ) ) ) | PROPERTIES, LLC'S AND RAINBOW REAL ESTATE GROUP, |
| LEILANI P. EMBERNATE, a resident of the State of Hawaii, formerly doing business as TYPICALLY TROPICAL PROPERTIES, LLC and PACIFIC STAR MORTGAGE, INC.; TYPICALLY TROPICAL PROPERTIES, LLC, a Hawaii limited liability company now known as RAINBOW REAL ESTATE GROUP, LLC; and PACIFIC STAR MORTGAGE, INC., a dissolved Hawaii corporation. ) ) ) ) ) ) ) ) ) ) ) ) ) ) | LLC'S MOTION TO DISMISS |
| Defendants. ) _____ ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS TYPICALLY TROPICAL PROPERTIES, LLC'S AND RAINBOW REAL ESTATE GROUP, LLC'S MOTION TO DISMISS**

**I. INTRODUCTION**

Defendants Typically Tropical Properties, LLC, and Rainbow Real Estate Group (collectively "Typically Tropical")[1] move to dismiss Plaintiff

---

[1] The Complaint's caption identifies Typically Tropical Properties LLC ("Typically
(continued...)

Jennifer Cory Trost's Complaint filed on July 25, 2011. Co-Defendant Leilani P. Embernate ("Embernate"), proceeding pro se, has filed an Answer and Counterclaim, but has not filed any position as to Typically Tropical's Motion.[2] The Motion primarily argues that the Complaint is barred by applicable statutes of limitations. The court heard the Motion on December 5, 2011, and orally ruled that (1) Counts One (fraud), Two (breach of fiduciary duty), and Three (breach of contract) are not time-barred, but that (2) Count Four (negligent and intentional infliction of emotional distress) is barred by a two-year statute of limitations. This Order provides an explanation of the oral rulings and addresses certain matters that were not discussed at the hearing.

## II. BACKGROUND

The court need not repeat the allegations of the Complaint, which the court assumes as true for purposes of this Motion. *See, e.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). Essentially, the Complaint alleges a continuing "scheme to defraud" Plaintiff that began in October

---

[1](...continued)
Tropical") as "a Hawaii limited liability company now known as Rainbow Real Estate Group." The Complaint similarly alleges that Typically Tropical is "known as Rainbow Real Estate Group, LLC, doing business as Typically Tropical." Doc. No. 1, Compl. ¶ 5. The court will refer to movant as "Typically Tropical" whether it is one entity or two.

[2] Although Embernate has not joined in or opposed the Motion, the parties agreed at the hearing that this Order should also apply to claims against her.

2002 and ran to November 2006. It alleges a series of eleven real-estate related investment transactions whereby Plaintiff's real estate agent/mortgage broker/investment counselor also borrowed and loaned money from Plaintiff, commingled funds, and committed various acts of fraud or self-dealing without disclosure and without providing accountings. It alleges fraud, breach of fiduciary duty, breach of contract, infliction of emotional distress, and other counts seeking equitable remedies. It alleges that the activities were concealed from Plaintiff until November 2006. Doc. No. 1, Compl. ¶ 10.

The Complaint was filed on July 25, 2011. Because many of the transactions occurred before July 25, 2005 (six years prior to the filing of the Complaint), Typically Tropical moves to dismiss, primarily on statute of limitations grounds.[3]

///

---

[3] Typically Tropical also briefly contends that the Complaint does not allege fraud with particularity and that federal subject matter jurisdiction is lacking under 28 U.S.C. § 1332 because $75,000 is not in controversy. Those arguments lack merit and, at the hearing, the parties agreed that the focus of the Motion was directed to whether certain Counts are time-barred. In any event, the amount in controversy exceeds $75,000. *See, e.g.*, Doc. No. 1, Compl. at 6 (alleging tax liabilities of $105,000), and at 7 (alleging $80,000 investment with failure to record an interest). *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (stating that when a complaint pleads more than the jurisdictional amount "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").

# III. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.*

A claim may be dismissed under Rule 12 as "barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face

of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). Such motion should be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000) (citation omitted).

## IV. **DISCUSSION**

**A.     Count One -- "Fraud, Misrepresentation, Concealment and Deceit"**

Count One alleges that the continuing scheme and various transactions constituted fraud. A six-year statute of limitations under Hawaii Revised Statutes ("HRS") § 657-1(4)[4] applies to claims of fraud or fraudulent misrepresentation. *See Eastman v. McGowan*, 86 Haw. 21, 27, 946 P.2d 1317, 1322 (1997); *Au v. Au*, 63 Haw. 210, 217, 626 P.2d 173, 179 (1981); *Mroz v. Hoaloha Na Eha, Inc.*, 360 F. Supp. 2d 1122, 1135 (D. Haw. 2005).

Here, the Complaint alleges sufficient details to establish a plausible

---

[4] HRS § 657-1(4) provides:

> The following actions shall be commenced within six years next after the cause of action accrued, and not after:
> . . . .
> (4) Personal actions of any nature whatsoever not specifically covered by the laws of the State.

5

continuing scheme to defraud through November 2006. That is, at least three transactions in the scheme to defraud occurred after July 25, 2005. As pled, Count I is not time barred.

**B.      Count Two -- "Damages for Breach of Fiduciary Duty"**

Count Two alleges a breach of fiduciary duty. Typically Tropical characterizes a breach of fiduciary duty as a tort, and thus argues that the claim is barred by a two-year period in HRS § 657-7.[5] Indeed, some Hawaii authority indeed indicates that -- in deciding whether attorneys' fees can be awarded on such a claim -- breach of fiduciary duty can be characterized as a tort. *See TSA Int'l Ltd. v. Shimizu Corp.*, 92 Haw. 243, 264, 990 P.2d 713, 734 (1999) ("TSA's claims for . . . breach of fiduciary duty sound in tort" under HRS § 607-14). But it can also be contractual in nature. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 886 (9th Cir. 2000) ("[W]here a party's breach of fiduciary duty claim is based on the non-performance or breach of contractual obligations and the complaint seeks damages flowing from that non-performance or breach, the claim would sound in assumpsit[.]") (applying Hawaii law).

---

[5] HRS § 657-7 provides:

> Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13.

"For a breach of fiduciary duty claim, 'the applicable statute of limitations is determined by -- as variously phrased -- the nature of the right sued upon, the primary interest affected by the defendant's wrongful conduct, or the gravamen of the action.'" *Manosca v. Wachovia Mortg.*, 2011 WL 2970824, at *6 (N.D. Cal. July 20, 2011). This rule is consistent with Hawaii law. *Cf. Kona Enters.*, 229 F.3d at 886. If the gravamen of a breach of fiduciary duty claim is fraud, then the fraud limitations period applies. *See Monaghan v Ford Motor Co.*, 897 N.Y.S.2d 482, 484 (N.Y. App. Div. 2010) ("[W]here an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute [applicable to claims of fraud].") (New York law); *Nev. State Bank v. Jamison Family P'ship*, 801 P.2d 1377, 1382 (Nev. 1990) ("A breach of fiduciary duty is fraud and, therefore, the three-year statute of limitations [for fraud]" applies.) (Nevada law).

Accordingly, because Plaintiff's Complaint asserts a breach of fiduciary duty claim based on fraud, the applicable statute of limitations is HRS § 657-1(4). The gravamen of Plaintiff's breach of fiduciary duty claim is based on a broker's self-dealing and failures to disclose, and thus sounds in fraud.[6] Because

---

[6] Alternatively, the Complaint is based on breaches of fiduciary duty arising out of a contractual relationship -- and thus a six-year period would also apply. *See* HRS § 657-1(1). The court does not read the Count as sounding in personal injury (for which two-year period
(continued...)

the Complaint alleges breaches of fiduciary duty within the six-year period, Count Two may not be dismissed at this stage as time-barred.

C.  **Count Three -- "Damages for Breach of Contract"**

A six-year statute of limitations applies to Count Three. *See* HRS § 657-1(1).[7] The Complaint alleges a continuing contractual relationship between Plaintiff and Defendants, and Plaintiff's counsel made clear at the hearing that Plaintiff alleges the existence of a single contract with Defendants continuing until November 2006. Accordingly, because events occurred within the six-year period, Count Three as pled is timely.

D.  **Count Four -- "Damages for Negligent/Intentional Infliction of Emotional Distress"**

Count Four seeks recovery in tort for infliction of emotional distress (*i.e.*, "damage or injury to persons or property"). The two-year limitation period under HRS § 657-7 applies to Count Four. *See, e.g.*, *Guillermo v. Hartford Life &*

---

[6](...continued)
would apply under HRS § 657-7), but even if there is some question, "courts will apply the longer limitations period when there is doubt as to which statute applies." *Au v. Au*, 63 Haw. 210, 221, 626 P.2d 173, 182 (1981). Under *Au*, a six-year period would still apply.

[7] HRS § 657-1(1) provides:

> The following actions shall be commenced within six years next after the cause of action accrued, and not after:
>
> (1) Actions for the recovery of any debt founded upon any contract, obligation, or liability[.]

*Acc. Ins. Co.*, 986 F. Supp. 1334, 1336 (D. Haw. 1997) ("Negligent and intentional infliction of emotional distress claims are personal injury claims, and therefore fall within the limits outlined in H.R.S. § 657-7."). Accordingly, Count Four is facially time barred based on the allegations of the Complaint. Count Four is DISMISSED without leave to amend.[8]

## V. CONCLUSION

Defendant Typically Tropical's Motion to Dismiss is GRANTED in part and DENIED in part. Count Four is DISMISSED without leave to amend as to all Defendants. Counts One, Two, and Three, however, are not barred by applicable statutes of limitations and remain as to all Defendants.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 6, 2011.



/s/ J. Michael Seabright
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
J. Michael Seabright
United States District Judge

*Trost v. Embernate et al.*, Civ. No. 11-00458 JMS-KSC, Order Granting in Part and Denying in Part Defendants Typically Tropical Properties, LLC's and Rainbow Real Estate Group, LLC's Motion to Dismiss

---

[8] Plaintiff has also sought relief for emotional distress as damages for fraud under Count One. The Motion only raised whether an independent claim for emotional distress is time-barred, and this Order does not address, one way or the other, whether such damages are available for fraud.